IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| VANGUARD HEALTHCARE, LLC; NEWBERN VANGUARD HEALTHCARE SERVICES, LLC; BOULEVARD TERRACE, LLC; VANGUARD OF CRESTVIEW, LLC; GLEN OAKS, LLC; IMPERIAL GARDENS HEALTH AND REHABILITATION, LLC; VANGUARD OF MEMPHIS, LLC; VANGUARD OF MANCHESTER, LLC, and MARK MILLER | ) ) ) ) ) ) ) ) ) ) |
| Defendant, | ) ) |

CIVIL ACTION NO.: 3:16-cv-02380

## **DEFENDANT MARK MILLER'S UNOPPOSED MOTION TO STAY RESPONSE TO PLAINTIFFS' COMPLAINT**

Defendant Mark Miller hereby moves pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to stay Defendants' response to Plaintiffs' complaint pending a resolution on the issue of whether this action is stayed as to the corporate Defendants by 11 U.S. C. §362(a)(1).

Plaintiffs have filed a motion before this Court for an order that their pursuit of an action under the False Claims Act and related theories is excepted from the automatic stay under the Bankruptcy Code (Docket No. 20 ("Stay Relief Motion")), and Vanguard has filed a response to Plaintiffs' Stay Relief Motion (Docket No. 9) ("Defendant' Response "). As set forth in Defendants' Response, Defendants assert that the issues raised in Plaintiffs' Stay Relief Motion are "core" to Vanguard's Chapter 11 bankruptcy cases, and should have been brought before the Bankruptcy Court.

On September 21, 2016, Vanguard filed a motion to stay their obligation to file a response to Plaintiffs' complaint until such time as an order has been entered on Plaintiffs' Stay Relief Motion. (Doc. 10) ("Vanguard Motion")  In response, Plaintiffs have stated that they have no

objection to the Vanguard Motion "to the extent that the deadline for all Defendants <u>(including the two that are not in bankruptcy)</u> to file a responsive pleading shall be extended to 21 days after the date" of the Court's order regarding Stay Relief Motion. (Doc. 18) (Emphasis Added)

Defendant Miller, who is not subject to the bankruptcy automatic stay, was personally served on September 16, 2016. However, Vanguard's request to advance attorney fees to Mr. Miller was not approved by the bankruptcy court until October 18, 2016, beyond the deadline for Mr. Miller's responsive pleading to Plaintiffs' complaint. Mr. Miller thus seeks a stay from filing a responsive pleading to Plaintiffs' complaint that is not only be consistent with the Plaintiffs' response to Vanguard's Motion but if granted would allow all Defendants to be on the same case management track.

Undersigned counsel has discussed this request with counsel for the Plaintiffs who have advised that Plaintiffs have no objections to this request as far as it is consistent with their previous response to the Vanguard Motion.

Wherefore, based on the foregoing, Defendant Miller requests this Court stay any requirement to respond to Plaintiffs' Complaint pending further order of the Court.

            Respectfully submitted,

            */s/ G. Douglas Jones*
            G. Douglas Jones

**OF COUNSEL**:
Jones & Hawley, PC
2001 Park Place, Suite 830
Birmingham, AL 35203
Phone: 205.490.2291
Fax: 205.490.2295

Sarah B. Jackson
3817 Glencoe Drive
Birmingham, Alabama 35213
Phone: 205-401-6153
Fax: 205-871-6153

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 27th day of October, 2016, I filed the foregoing with the Clerk of Court and an electronic copy of the same has been sent to all counsel of record via CM/ECF.

*G. Douglas Jones*
OF COUNSEL